IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

*UNITED STATES OF AMERICA,*      )
                                 )
    *Plaintiff,*               )
                                 )    CASE NO.  3:06cr41/LAC
*vs.*                            )
                                 )
*DONALD LESTER,*                 )    Pensacola, Florida
                                 )    August 8, 2006
    *Defendant.*               )    9:01 A.M.
                                 )
_____  )


**TRANSCRIPT OF SENTENCING PROCEEDINGS
BEFORE THE HONORABLE LACEY A. COLLIER,
UNITED STATES DISTRICT JUDGE**


APPEARANCES:


For the Plaintiff:        **By:  DAVID L. GOLDBERG**
                          Assistant U.S. Attorney
                          21 East Garden Street
                          Pensacola, Florida  32502


For the Defendant:        **By:  JOSEPH L. HAMMONS**
                          Hammons, Longoria & Whittaker
                          17 West Cervantes Street
                          Pensacoloa, Florida  32501-3195


*Gwen B. Kesinger, RPR, FCRR
Official United States Court Reporter
One North Palafox Street * Pensacola, Florida  32502*

```
 1  (Court in session.)
 2  (Defendant present.)
 3           THE COURT:  Good morning.  And we'll begin with the
 4  United States versus Donald Lester.
 5           MR. HAMMONS:  Do you wish us to approach, Your Honor?
 6           THE COURT:  Yes, please.
 7           MR. GOLDBERG:  Good morning, Your Honor.
 8           THE COURT:  Good morning, Mr. Goldberg.  And,
 9  Mr. Hammons, have you reviewed the presentence report with your
10  client?
11           MR. HAMMONS:  Yes, Your Honor, I have.
12           THE COURT:  Any objections you wish the Court to
13  consider here today?
14           MR. HAMMONS:  No, sir.
15           THE COURT:  Any objections by the government?
16           MR. GOLDBERG:  No, Your Honor.
17           THE COURT:  All right.  Then as to sentence,
18  Mr. Hammons?
19           MR. HAMMONS:  I'll be brief, Your Honor.  I've
20  submitted a sentencing memoranda citing the factors in 3553.
21           THE COURT:  Yes, I've read it.
22           MR. HAMMONS:  I believe we've said as much as we can
23  say throught that.  I think this is a somewhat unusual case and
24  somewhat extraordinary case in terms of some circumstances.
25  Mr. Lester, through his statement that I know you've read,
```

```
9:02AM   1   demonstrates his very sincere remorse for his conduct.
         2           THE COURT:  All right.  Mr. Lester, anything you wish
         3   to say before sentence is imposed?
         4           THE DEFENDANT:  No, Judge.  I'm ashamed of what I did.
         5   I disgraced myself and my family.  I die a registered sex
         6   offender and a convicted felon, and that's a terrible habitat
         7   for any man to have.
         8           THE COURT:  Mr. Goldberg.
         9           MR. GOLDBERG:  Nothing, Your Honor.
        10           THE COURT:  All right.  I do determine the presentence
        11   report to be accurate as it has been presented and its findings
        12   will be considered in the imposition of sentence.  It's the
        13   judgement of the Court that you be committed to the custody of
        14   the Bureau of Prisons to be imprisoned for a term of one day
        15   with credit for time served.
        16           And in fashioning this sentence, I have considered all
        17   the factors in Title 18, United States Code, Section 3553(a)
        18   and these factors, of course, include the nature and
        19   circumstances of the offense and the history and
        20   characteristics of Mr. Lester and the need for the sentence to
        21   reflect the seriousness of the offense and promote respect for
        22   the law and provide just punishment and afford adequate
        23   deterrence and protect others from any similar crime by you.
        24           And in assessing the seriousness of this offense, I
        25   have considered your age, the fact that this was an isolated
```

```
9:03AM   1  incident involving one minor child and the remorse that you
         2  have demonstrated regarding this child.  I do consider the
         3  sentence to afford adequate deterrence for any further criminal
         4  conduct, considering the circumstances of this offense as well
         5  as your age.  There is no prior criminal history in a lengthy
         6  lifetime, and I find no likelihood of any reoffense of similar
         7  conduct.  I have taken into account also your age and medical
         8  needs at this time.
         9           I do find that this sentence meets the general goals
        10  of punishment.  And considering all of the circumstances
        11  surrounding the difficulties that you face that I just alluded
        12  to, I do find that it will serve as a deterrent to anyone else,
        13  and I do determine that this sentence is reasonable, given the
        14  circumstances in the defendant's conduct in this case.
        15           Based upon the financial information that has been
        16  presented, though, I do find that there is an immediate ability
        17  to pay a fine within the applicable guideline range, and,
        18  therefore, a fine in the amount of $40,000 is to be paid within
        19  ten days of the date of this sentence, and there is required by
        20  statute a $100 special monetary assessment, which is imposed
        21  and due and payable immediately.
        22           And upon release, you will be placed on a period of
        23  supervised release for a term of three years under the standard
        24  conditions of supervision adopted by the Court with the added
        25  provision that, as you have indicated you understand, this
```

9:05AM
1  unfortunately does make you a sex offender, which requires
2  registration with the state authorities.
3        You will not possess or have under your control any
4  material that depicts sexual activities with minors.  You'll
5  provide the probation officer with access to your personal home
6  computer for the specific purpose of identifying any
7  communications that might involve sexual activity with minors.
8  And you'll participate in a sex offender mental health
9  assessment and treatment program if necessary.  And you'll
10 provide the probation officer with any required financial
11 information.  And you will submit to a search of your person,
12 residence, office, vehicle to be conducted by the U.S.
13 probation officer at a reasonable time and reasonable manner,
14 based upon any reasonable suspicion of contraband or evidence
15 in violation of the conditions of release.  Failure to submit
16 to such a search is grounds for revocation, and you'll warn any
17 other residents that the premise may be subject to searches
18 pursuant to this condition, that is anyone else that might
19 reside in your residence.
20       And there was a forfeiture count.
21       MR. GOLDBERG:  Your Honor, all those materials have
22 been administratively forfeited through the Federal Bureau of
23 Investigation.
24       THE COURT:  So there is no further forfeiture to be
25 ordered at this time.

9:07AM
1          And I would ask, Mr. Hammons, any objections to the
2  ultimate findings of fact or conclusions of law relating to the
3  judgement or sentence?
4          MR. HAMMONS:  No, Your Honor.
5          THE COURT:  Any by the government?
6          MR. GOLDBERG:  Your Honor, the government would just
7  note an objection on the record for a sentence outside the
8  guidelines.
9          THE COURT:  All right.  That's noted.
10         And you are advised you have ten days in which to
11 appeal this sentence.  You have a right to be represented by an
12 attorney on any appeal.  If you cannot afford one, one would be
13 appointed for that purpose upon petition to the Court, and
14 under that circumstance, an appeal will be taken without cost
15 to you.  You need to see the probation officer before you leave
16 here today.
17         MR. GOLDBERG:  Thank you, Your Honor.
18         THE DEFENDANT:  Thank you, Your Honor.
19         (Proceedings concluded.)
20
21
22
23
24
25

9:08AM  1
        2                      --------------------
        3   I certify that the foregoing is a correct transcript from the
            record of proceedings in the above-entitled matter.  Any
        4   redaction of personal data identifiers pursuant to the Judicial
            Conference Policy on Privacy are noted within the transcript.
        5
        6
        7        /s/ Gwen B. Kesinger                          9-8-06
        8       _____         _____
        9       Gwen B. Kesinger, RPR, FCRR                    Date
                Official Court Reporter
       10