IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO.:  3:06cr41/LAC

DONALD LESTER
_____

ORDER CONCERNING SELF-REPRESENTATION BY DEFENDANT

     Defendant appeared before me on November 7, 2006 for first appearance on an application by probation to amend his conditions of supervised release.  He announced that he wanted to represent himself.  I therefore conducted a *Farretta*[1] hearing.  I explained that the defendant had the constitutional right to counsel, that he could retain one if he had the funds with which to do so (defendant was represented by retained counsel in the underlying case, and apparently can easily afford to retain counsel for this proceeding), and that I could consider appointing counsel for him if he could not afford counsel.  He again stated that he wanted to represent himself.  I then asked him if he had ever studied law, which he had not, nor had he ever represented himself in a criminal case.  I discussed with him the nature of the proceeding that will be held before the district judge, and he indicated that he understood the proposed changes to his supervised release, which he opposes.  I explained to the defendant that the district judge has the authority to adopt the proposed changes, and add others as the case may warrant.  I told him that if he represents himself, he will be truly alone against the United States, its attorneys and its agencies, and that he would receive no help from anyone.

---

[1] *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

He admitted no familiarity with the Federal Rules of Evidence or the Federal Rules of Criminal Procedure, but was told, and understands, that those Rules will apply before and at any hearing, and that he will not have counsel available to assist him in those matters.

I then advised him that in my opinion it would be a serious mistake for him to represent himself, and I urged him to retain counsel or to allow me to consider appointing counsel for him. He then again confirmed that in spite of my warnings and admonitions he wanted to represent himself, and that he made that decision entirely on his own, and voluntarily. I therefore found on the record that he had knowingly and voluntarily waived his right to counsel, and permitted him to represent himself.

Accordingly, it is ORDERED as follows:

1. Defendant has waived his right to counsel and will represent himself. However, he can always change his mind and retain counsel so long as his doing so does not cause undue delay in the case.

2. The Office of the Federal Public Defender was not appointed as stand-by counsel, but defendant can call that office if he changes his mind and wants assistance in retaining counsel of his own.

DONE AND ORDERED at Pensacola, Florida this 7th day of November, 2006.

/s/ Miles Davis
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE